**WILSON v. UNITED STATES.**

No. 13819.

United States Court of Appeals Ninth Circuit.

June 24, 1953.

Robert G. Closterman, Portland, Or., for appellant.

Henry L. Hess, U. S. Atty., Maurice v. Engelgau, Asst. U. S. Atty., Portland, Or., Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BONE, ORR, and POPE, Circuit Judges.

PER CURIAM.

Appellant has renewed his application for admission to bail pending appeal, previous application to that end having been disallowed by both the District Court and by this Court. Upon argument before the Court appellant has urged that the appeal presents a substantial question.

Appellant was convicted and sentenced under the Act of November 2, 1951, Public Law 255, Ch. 666, 82nd Cong., First Sess., 65 Stat. 767, relating to the importation, transportation and sale of narcotic drugs. The appellant admitted two prior convictions and in consequence upon his conviction for the third offense, his punishment was fixed at imprisonment for the longer period of time prescribed in the Act. Appellant says that the substantial question is whether the Act referred to permits such an extended term of imprisonment to be imposed where the convictions as here were prior to the enactment of the Act. He

argues that the Act must be construed to mean that the prior convictions therein referred to are convictions which took place after the Act was enacted; that if it be otherwise construed its application is ex post facto.

We think that the Act under which the appellant was tried and convicted clearly applied in his case notwithstanding his prior convictions antedated the Act. The Act, so construed, is not subject to any constitutional infirmity. McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542. We find no substantial question here present.

The application for admission to bail is denied.