### THE STATE OF DELAWARE v. SAMUEL L. OWENS.

(*December* 1, 1953.)

LAYTON, J., sitting.

*Edmund N. Carpenter, II*, Deputy Attorney-General, for the State.

*Brereton Sturtevant* for the Defendant.

Superior Court for New Castle County, Nos. 22, September Term, 1953, and 97, May Term, 1953.

**LAYTON, J.:**

A statute of this nature is valid provided only that it is made applicable to a fourth offense committed subsequent to its passage. *Gryger v. Burke, Warden*, 334 *U. S.* 728, 68 *S. Ct.* 1256, 92 *L. Ed.* 1683; *Wilson v. U. S.*, 9 *Cir.*, 205 *F.* 2d 567; *Cases v. U. S.*, 1 *Cir.*, 131 *F.* 2d 916.

But the application of a statute increasing the punishment for a crime, after the commission of that crime, is *ex post facto* and, thus, unconstitutional by virtue of Article I, Section 10 of the *Federal Constitution*.[1] *Lindsey v. State of Washington*, 301 *U. S.* 397, 57 *S. Ct.* 797, 81 *L. Ed.* 1182; *U. S. v. Platt, D. C. Tex.*, 31 *F. Supp.* 788, 792; *People v. D' A Philippo*, 220 *Cal.* 620, 32 *P.* 2d 962; *State v. Dreaux*, 205 *La.* 387, 17 *So.* 2d 559.

While it necessarily follows that the State's motion must be dismissed, I think it appropriate to comment very briefly upon the proper procedure for bringing on these matters hereafter for sentence under the Act in question. As I read the Act, it is the State's duty to bring on for sentence as an habitual criminal every defendant found guilty of the commission of a fourth

---

[1] "No State shall * * * pass any * * * ex post facto Law * * *."

felony. It has been suggested that the proper procedure should be by way of indictment—that is to say, an indictment for such felony which would contain sufficient additional allegations (including defendant's conviction of three former felonies) to charge him as an habitual criminal. Concededly, this practice is pursued in some states but an examination of a number of their statutes reveals that this procedure is required by the very terms of the Statute. Moreover, such a practice would always be the subject of criticism from both the defendant and the prosecution, the former complaining that it is prejudicial to his case for the jury to have before it the record of his three prior convictions for felony, and the latter that it will render it much more difficult to obtain a conviction when the jury knows, as they, or some of them, inevitably will, that their action in convicting the defendant might be tantamount to jailing him for life.

Upon reflection, it occurs to me that an acceptable procedure, and one which would satisfy the demands of due process of law, would consist of something less formal than an indictment but of more dignity than a mere motion. This would be by way of a supplemental information immediately following the fourth conviction for felony. 42 *C. J. S., Indictments and Informations*, § 145, at page 1067. Upon such an information, defendant could be arraigned and plead guilty or not guilty. In the rare case where a not guilty plea is entered, the only normal issue of fact for determination would be whether or not defendant had been convicted four times for felony. The sentence upon a conviction would be in the discretion of the Court which might impose either a life sentence or the usual sentence prescribed for the particular felony. In this respect, the Delaware Act differs from those in other states which make the life sentence mandatory.

Fairness to the State compels me to say that, in the beginning, the Attorney General merely pointed out that this was a case wherein, factually, the Habitual Criminal Act would seem

to be applicable. It filed the motion for sentencing not so much of its own volition as because it was directed to. After examining the law, the State promptly conceded the correctness of defendant's position. Nevertheless, this being the first case brought to the attention of this Court wherein the Habitual Criminal Act was involved, I thought it desirable to write this brief opinion.