**John W. McDUELL, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

June 8, 1967.

Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for appellant.

Robert E. Daley, Deputy Atty. Gen., Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The question before us in this appeal is whether a conviction of violation of 21 Del.C. § 4176,[1] prohibiting "driving" a

---

1. 21 Del.C. § 4176(a) and (d) provides:

"(a) Whoever drives a motor vehicle while under the influence of intoxicating liquor or of any drug shall be fined, for the first offense, not less than $200 nor more than $1,000, or imprisoned not less than 60 days nor more than 6 months, or both. For each subsequent like offense, he shall be fined not less than $500 nor more than $2,000, and imprisoned not less than 60 days nor more than 18 months. A suspended sentence shall not be granted those convicted for a second offense under this section.

\* \* \* \* \*

"(d) In determining whether an offense is a second offense hereunder no offense prior to February 29, 1956, shall be taken into consideration."

motor vehicle while under the influence of intoxicating liquor, necessarily constitutes a second offense thereunder by reason of a prior conviction of violation of 21 Del.C. § 4111,[2] now repealed, which prohibited "operating" a motor vehicle while under the influence of intoxicating liquor.

In 1961, the defendant John W. McDuell, was convicted before a Justice of the Peace of violating § 4111. In 1964, § 4111 was repealed and replaced by § 4176.[3] In 1966, the defendant was convicted of violating § 4176. The Superior Court held the defendant to be a second offender under § 4176, and sentenced him as such to a prison sentence of 60 days and a fine of $1,-200., with suspension of sentence deemed impermissible under the Statute. The defendant appeals on the ground that it was error to punish him as a second offender under § 4176.

The State contends that § 4111 and § 4176 are substantially the same; that § 4176 did not create a different offense; that, by virtue of the rule of simultaneous repeal and re-enactment, the prohibitions of § 4111 remain in force and effect despite the language changes of § 4176. We disagree.

The two Statutes are not substantially the same. They are materially different as to the scope of the offense as well as the severity of the punishment: § 4111 prohibited "operating" and was applicable to "vehicles upon the highway" (21 Del.C. § 4101, repealed); § 4176 prohibits "driving" and is applicable "upon the highways and elsewhere throughout the State" [21 Del.C. § 4101(a) (2)].

 These differences manifest, in our judgment, an intent of the General Assembly to create by § 4176 an offense more limited in scope than that created by § 4111. The words "operating" and "driving" are not synonymous; they have well-recognized statutory distinctions. Of the two terms, the latter is generally accorded a more strict and limited meaning. The term "driving" is generally used to mean, in this connection, steering and controlling a vehicle while in motion; the term "operating", on the other hand, is generally given a broader meaning to include starting the engine or manipulating the mechanical or electrical devices of a standing vehicle. See Annotation 47 A.L.R.(2d) 570, et seq. The two words have been thus distinguished in Delaware. See State v. Pritchett, 3 Storey 583, 53 Del. 583, 173 A.2d 886 (1961).

Applying these definitions, the term "driving" is encompassed within the term "operating"; but the reverse is not necessarily so. One may not drive a vehicle without operating it; but one may operate the engine or devices of a vehicle without driving it. Otherwise stated: while all driving is necessarily operation of a motor vehicle, not all operation is necessarily driving.

We conclude that the Legislature intended thus to limit the Statute when in § 4176 it substituted the term "driving" for the term "operating", previously appearing in § 4111. It is noteworthy that in 1961, the Superior Court dealt with and distinguished the statutory terms "operating" and "driving" a motor vehicle while under the influence of intoxicating liquor. In State v. Pritchett, supra, § 4111 was found applicable to an intoxicated defendant found slumped over the steering wheel of a standing vehicle. Presumably, the General Assembly was aware of that case and its dis-

2. 21 Del.C. § 4111(a) provided:
 "(a) Whoever operates a motor vehicle while under the influence of intoxicating liquor or of any drug shall be fined, for the first offense, not less than $100 nor more than $500, or imprisoned 30 days, or both. For each subsequent like of-

fense, he shall be fined not less than $200 nor more than $1,000, and imprisoned not less than 30 days nor more than one year."

3. The repeal was part of the enactment of a new Motor Vehicle Code. See 54 Del. Laws, Chapter 160.

cussion of the different meanings attributed to the statutory language here involved. Apparently, the Legislature made the changes advisedly, intending thereby to remove "standing" violations from the operation of the Statute.

■ Because it was thus changed, § 4176 may not be said to be substantially and materially the same as § 4111. § 4176 proscribes some, but not all, of the acts covered by § 4111. It follows that the doctrine of simultaneous repeal and re-enactment does not preserve § 4111 as part and parcel of § 4176.

Accordingly, insofar as the term "operating" does not coincide with the term "driving", § 4176 creates a newly limited offense. We hold that the term "driving" as used in § 4176 requires that the vehicle must be in motion in order for the act proscribed by that Statute to be committed. Compare State v. Mason, 141 W.Va. 217, 89 S.E.2d 425 (1955).

There remains, therefore, the question of whether the defendant's violation of § 4111 in 1961 was a "moving" violation. If so, he was properly dealt with by the Superior Court as a second offender under § 4176. If, on the other hand, the 1961 case was a "standing" violation, it was reversible error to treat the defendant as a second offender under § 4176.

The record is silent as to the details of the 1961 violation. The cause must be remanded, therefore, for a determination of the nature of that offense.

■ Finally, we should dispose of the defendant's contention that to treat him as a second offender would violate his constitutional guaranties against *ex post facto* laws, citing State v. Owens, 9 Terry 230, 101 A.2d 319 (1953) and State v. Fowler, Del.Super., 194 A.2d 558 (1963). The position is untenable. A law is not objectionable as *ex post facto* which, in providing punishment for a future offense, authorizes the offender's past conduct to be considered and the punishment graduated accordingly. 1 Cooley, Constitutional Limitations (8th Ed.) 553.

For the reasons stated, the cause is remanded for further proceedings consistent herewith.