**Charles MERGENTHALER, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 1, 1968.

Donald W. Booker, of Booker, Leshem, Green & Shaffer, Wilmington, for defendant below, appellant.

Robert E. Daley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from a sentence as a second offender under our Drunken Driving Statute, 21 Del.C. § 4176.[1]

The defendant was charged with violating § 4176 in 1966. He was tried and convicted in the Court of Common Pleas and sentenced to pay a fine of $200. Upon his appeal from that conviction to the Superior Court, a jury found him guilty of violating § 4176. Thereafter, as part of the sentencing process, the Trial Judge inquired into a prior conviction of the defendant for a violation of 21 Del.C. § 4111[2] in 1961. Upon determining that the earlier conviction was for a "moving" violation, the Superior Court sentenced the defendant, as a second offender, to pay a fine of $500 and to be imprisoned for 60 days. The defendant does not appeal from his conviction for violation of § 4176; his appeal is confined to his sentence by the Superior Court as a second offender.

In McDuell v. State, Del., 231 A.2d 265 (1967), we held recently that "driving" a

---

1. 21 Del.C. § 4176 provides in pertinent part:

"(a) Whoever drives a motor vehicle while under the influence of intoxicating liquor or of any drug shall be fined, for the first offense, not less than $200 nor more than $1,000, or imprisoned not less than 60 days nor more than 6 months, or both. For each subsequent like offense, he shall be fined not less than $500 nor more than $2,000, and imprisoned not less than 60 days nor more than 18 months. A suspended sentence shall not be granted those convicted for a second offense under this section.

\* \* \* \* \*

"(d) In determining whether an offense is a second offense hereunder no offense prior to February 29, 1956, shall be taken into consideration. Added 54 Del.Laws, Ch. 160, § 1, app. Dec. 5, 1963."

2. 21 Del.C. § 4111, repealed in 1963, prohibited "operating" a motor vehicle while under the influence of intoxicating liquor. See McDuell v. State, Del., 231 A.2d 265 (1967).

motor vehicle under the influence of intoxicating liquor, in violation of § 4176, was an offense within the scope of the broader offense of "operating" a motor vehicle under the influence of intoxicating liquor, in violation of § 4111. We concluded in *McDuell* that a prior violation of § 4111 would make a violation of § 4176 a second offense, if the § 4111 offense was a "moving" violation. In the instant case, the proceedings and action of the Superior Court were in accord with *McDuell*. Accordingly, unless the defendant is able to convince us that *McDuell* was wrong, he may not prevail on this appeal.

The repeal of § 4111 and the enactment of § 4176 were accomplished as part of a general overhaul of the motor vehicle laws of Delaware in 1963. See 54 Del.Laws, Ch. 160 (effective June 5, 1964). The defendant points to Section 5 of 54 Del.Laws, Ch. 160, which provided:

"Section 5. This act shall not have a retroactive effect and shall not apply to any traffic accident, to any cause of action arising out of a traffic accident or judgment arising therefrom or to any violation of the motor vehicle laws of this State, occurring prior to the effective date of this act."

Upon the basis of Section 5, the defendant builds the argument that only an offense that occurred after June 5, 1964 may be counted a second offense under § 4176; otherwise stated, that any offense prior to June 5, 1964 is outside the operation of § 4176. We disagree.

■ The purpose of Section 5 was made clear by 54 Del.Laws, Ch. 372: that Statute verified that Section 5 was intended to be merely a savings clause; it also amended 54 Del.Laws, Ch. 160 by adding a new Section 9 as follows:

"Section 9. The provisions of this act do not apply to violations or traffic accidents or to causes of action and/or judgments arising therefrom prior to June 5, 1964. Prosecutions for such offenses and

violations shall be governed by the prior law which is continued in effect for that purpose, as if this Act is not in force. All violations, offenses, prosecutions and criminal appeals under the prior law are saved and preserved. All civil causes of action based upon or under the prior law arising out of traffic accidents prior to June 5, 1964, and judgments thereon or appeals therefrom are saved and preserved."

Of special pertinency is the provision of Section 9 that all "violations * * * under the prior law are saved and preserved." In conjunction with this language, we look to § 4176(d) which provides:

"In determining whether an offense is a second offense hereunder, no offense prior to February 29, 1956 shall be taken into consideration."

Necessarily implied in the latter provision, we think, is the mandate that an offense that occurred after February 29, 1956 shall be taken into account in determining a second offense under § 4176. Since § 4176 was enacted in 1963, the reference to the year 1956 in § 4176(d) can have no other meaning. It is an elementary rule of statutory construction that the specific prevails over the general. In construing § 4176, the specific provision of subparagraph (d) prevails over the general provisions of Sections 5 and 9. Any other conclusion would render § 4176(d) meaningless—a result which we must avoid.

■ Accordingly, we hold that the consideration of the 1961 violation of § 4111, as the basis for considering the defendant a second offender under § 4176, was not barred by Section 5 or Section 9 of 54 Del. Laws, Ch. 160.

■ Closely related to the foregoing contention is the defendant's argument that § 4176, as thus construed, violates his constitutional guaranty against *ex post facto* laws. This point was raised and settled in *McDuell*, where we held that a "law is not

objectionable as *ex post facto* which, in providing punishment for a future offense, authorizes the offender's past conduct to be considered, and the punishment graduated accordingly." We adhere to that view.

Finally, the defendant claims that his constitutional rights as to due process, double jeopardy, and jury trial have been violated in that (a) he was not informed that he was being charged and tried as a second offender; (b) he was convicted of a greater crime upon his appeal from the Court of Common Pleas to the Superior Court; and (c) he was entitled to a jury trial as to the question of whether his earlier violation of § 4111 was a "moving" or "standing" violation. These contentions have the merit of ingenuity; but they are unacceptable.

■■■ The defendant was not charged and tried in the Superior Court as a second offender. Being a second offender is a status related to the degree of punishment; it is not a separate offense. Compare Gibbs v. State, Del., 208 A.2d 306 (1965). The defendant's status as a second offender became a consideration only after his conviction: it was not included in the information filed against him; it was not brought to the attention of the jury; and there is nothing in the record to indicate that the Trial Judge knew of, or considered, such status until after the conviction, and after the sentencing process had been initiated. Thus, the defendant was not entitled to notice of any different or greater charge in the Superior Court than that which confronted him in the Court of Common Pleas; and none of his rights regarding due process and double jeopardy was violated.

The provisions of 11 Del.C. § 3912(a) cover the situation:

"§ 3912. Sentence of greater punishment because of previous conviction

"(a) If, at the time of sentence, it appears to the court that the conviction of a defendant constitutes a second or other conviction making the defendant liable to a punishment greater than the maximum which may be imposed upon a person not so previously convicted, the court shall fully inform the defendant as to such previous conviction or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions. If the defendant shall admit the previous conviction or convictions, the court may impose the greater punishment. If the defendant shall stand silent or if he shall deny the prior conviction or convictions, he shall be tried upon the issue of previous conviction; * * *."

It appears that the requirements of § 3912 (a) were fulfilled in the instant case.

■■■ Noteworthy, for comparison purposes, is 11 Del.C. § 3912(b) dealing with the charge, trial, and sentence of an habitual offender:

"(b) If, at any time after conviction and before sentence, it shall appear to the Attorney General or to the Superior Court that, by reason of such conviction and prior convictions, a defendant should be subjected to the provisions of section 3911 of this title, the Attorney General shall file an information charging the defendant as an habitual criminal under the provisions of section 3911 of this title. The defendant shall be required to plead to such information. If the defendant remains silent or pleads not guilty, he shall be tried upon the charges of such information, with right to jury trial preserved. If the defendant is found guilty, or if he pleads guilty or nolo contendere, the court may impose the sentence provided by section 3911 of this title. * * *."

It will be noted that a separate charge is expressly required, and that trial by jury is expressly preserved, by the provisions of § 3912(b) governing the prosecution of an habitual offender. The inclusion of these requirements in § 3912(b), and the omission thereof in § 3912(a), indicate clearly the legislative intent to have the status of second

offender, as distinguished from that of habitual criminal, treated informally as part of the sentencing process. The Statute, as thus construed, meets the requirements of due process and double jeopardy for the reasons above stated. As to the claim of right to jury trial of the issue of second offense, it is clear that the right to jury trial does not extend by constitutional guaranty to a proceeding for the determination of a prior offense conducted for sentence purposes only. Neither the right to trial by jury "as heretofore" (Art. 1, Del.Const., § 4, Del.C.Ann.), nor the right to the "Trial of all Crimes" by jury (Art. 3, U.S.Const., Section 2), in our view, includes the right claimed here.

Accordingly, we find no merit in the defendant's constitutional arguments. In short, the case is controlled by McDuell v. State, supra. The judgment below is affirmed.