536 A.2d 735

**James Grafton GORE**

v.

**STATE of Maryland.**

**No. 735, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Feb. 5, 1988.
Certiorari Denied May 31, 1988.

Richard D. Paugh (Judson R. Wood on the brief) Rockville, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County and John McCarthy, Asst. State's Atty. for Montgomery County on the brief, Rockville), for appellee.

Argued before GILBERT, C.J., and ALPERT, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

James Grafton Gore, appellant, was convicted at a bench trial in the Circuit Court for Montgomery County of driving while intoxicated in violation of Maryland Transportation Code Ann. § 21–902(a). His sentence having been generally suspended, see Md.Code Ann. art. 27, § 639, appellant appeals raising but one issue:

> Was there sufficient evidence to convict appellant of driving while intoxicated?

For the reasons that follow, we will affirm.

Only one witness, the investigating officer, testified on behalf of the State at trial. His testimony was simple and direct. He was dispatched to a 7–11 store to investigate a report that a man was asleep behind the wheel of an automobile. Upon arrival at the 7–11 store, he found a man, whom he identified as appellant, passed out behind the steering wheel of a car. The doors to the car were locked, the engine was off, but the car key was in the ignition which was in the "on" position, and the alternator/battery light shone red on the dashboard. The officer also noticed that the gear selector was in the "drive" position and, having gone to the front of the car to check the engine, he found that the engine was still warm to the touch. The

officer testified, that upon his arrival, he had to knock on the driver's side window of the car about seven to eight times before appellant woke up and opened the car door.

The officer made observations of appellant's demeanor and physical condition. He testified that when appellant awakened, "he looked at [the officer] in a dazed kind of look". The officer then noticed that appellant had drooled in two places on the left lapel of his trenchcoat; that appellant's eyes were bloodshot, and appellant's clothes were mussed. In addition, the officer testified that, from two feet away, he smelled a strong odor of alcohol on appellant's breath and, further, that appellant's attitude became loud and abusive. The officer stated that in response to his question, whether he had been drinking, appellant replied that he had had two vodkas.

On cross-examination, the officer acknowledged that he did not see appellant drive the car; that he had no knowledge as to how long the car had been on the 7–11 lot, nor how it came to be there; that he did not check under the hood to determine if the car had an engine or transmission; and that the car could not be started with the key in the "on" position in the ignition and the gear selector in "drive". Appellant also established on cross-examination that the officer did not know when appellant consumed the alcohol he admitted to drinking and that no alcohol was found in the car.

Critical to appellant's motion for judgment of acquittal in the court below and to his argument on appeal, is the applicability of *Thomas v. State*, 277 Md. 314, 353 A.2d 256 (1976) to the facts *sub judice*. In *Thomas*, the accused was found asleep or passed out behind the wheel of his automobile on the shoulder of an exit ramp in Howard County, Maryland. The windows to the car were up and, the motor was off. The car key was in the ignition; however, it was in the "accessory" or "off" position. Thomas was arrested when the officer smelled what was believed to be the odor of alcohol on his breath, and observed that he slurred when he spoke, staggered when he walked, and appeared to be

disoriented. On that testimony, Thomas was convicted of driving while his ability to drive was impaired by the consumption of alcohol.

The Court of Appeals reversed, holding that the evidence was insufficient to sustain the conviction. Pertinent to the issue before us, the Court stated:

> All the evidence in this case proves is that Thomas was in a vehicle by the side of a road, possibly intoxicated, at an early hour in the morning. Left to conjecture is whether he drove the vehicle to that location after imbibing alcohol or whether he had parked it there, been picked up by some other individual, and then dropped off at the same spot as was done in *Poling [v. State*, 156 Ind.App. 145, 295 N.E.2d 635 (Ct. of App.Ind., 1st Dist. (1973)) ][1] We do not know how long Thomas had been at this location. Also left to conjecture is whether the vehicle was operable. We may suspect that Thomas did not drop down from outer space into the vehicle in question, that he drove the vehicle to that location, and that when he drove it he was under the influence of alcohol. When the day arrives, however, when a person may be convicted upon the basis of suspicion only, liberty will have vanished from the land. Under our system of justice it was incumbent upon the State to prove the elements of the crime. In this instance it has utterly failed to prove the *corpus delecti* of the crime, that Thomas drove the vehicle on a public highway while his driving ability was impaired by alcohol. In fact, it has yet to be prove[sic] that he drove the vehicle. Thus, the conviction must be reversed.

277 Md. at 325–26, 353 A.2d 256.

Although not raised, or even mentioned by appellant, the Court considered another issue: the meaning of the term "driving". When *Thomas* was decided, the applicable statute provided that it was "unlawful for any person to drive

---

1. In that case, there was testimony by the accused and his brother to that effect.

or attempt to drive or to be in actual physical control of any vehicle within this State while his driving ability is impaired by the consumption of alcohol." 277 Md. at 315, 353 A.2d 256; Maryland Code Ann. art. 66½ § 11–902(b) (1957, 1970 Rep.Vol., 1974 Cum Supp.). Although Thomas was convicted of driving while his driving ability was impaired by the consumption of alcohol, 277 Md. at 316, 353 A.2d 256, the State contended, that under the facts and circumstances of that case, Thomas was "in actual physical control" of the car and was thus in violation of the statute. *Id.* The Court rejected this position, pointing out "[i]t is significant that the statute ... speaks of driving rather than operating since the term 'operate' is generally regarded as being broader than the term 'drive'". 277 Md. at 317–18, 353 A.2d 256. The Court then cited *McDuell v. State,* 231 A.2d 265 (Del.1967), which elaborated upon the distinction between the two terms:

> The words "operating" and "driving" are not synonymous; they have well-recognized statutory distinctions. Of the two terms, the latter is generally accorded a more strict and limited meaning. The term "driving" is generally used to mean, in this connection, steering and controlling a vehicle while in motion; the term "operating", on the other hand, is generally given a broader meaning to include starting the engine or manipulating the mechanical or electrical devices of a standing vehicle.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Applying these definitions, the term "driving" is encompassed within the term "operating"; but the reverse is not necessarily so. One may not drive a vehicle without operating it; but one may operate the engine or devices of a vehicle without driving it. Otherwise stated: while all driving is necessarily operation of a motor vehicle, not all operation is necessarily driving. (citations omitted)

277 Md. at 318, 353 A.2d 256, quoting 231 A.2d at 267. Since, as was the case in *McDuell,* the Maryland statute, which at one time had proscribed "operating", had been amended to delete that proscription, 277 Md. at 317, 353

A.2d 256, the Court concluded, as did the *McDuell* court, that the legislature by that action intended to limit the scope of the statute. 277 Md. at 318–19, 353 A.2d 256. Therefore, the Court found that the words "in actual physical control of any vehicle", being more compatible with the term "operate", had a meaning different from the term "driving or attempting to drive". 227 Md. at 317–19, 353 A.2d 256. Since appellant was not charged with being in actual physical control of the vehicle, his conviction could be sustained only if the evidence was sufficient to find him guilty of driving a motor vehicle.

Appellant's argument that the facts of this case are identical to those in *Thomas* and, as a result, his conviction should be reversed is flawed in two respects. First, factually, the cases are not even close; thus, *Thomas* is not controlling. Second, even if appellant were correct, that, factually, the two cases are identical, the statute under which appellant was convicted is significantly different than the one at issue in *Thomas;* hence, *Thomas* is inapposite.

■ We will address the sufficiency of the evidence issue first. The test of the sufficiency of the evidence to sustain a criminal conviction on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in original) *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). *Tichnell v. State,* 287 Md. 695, 717, 415 A.2d 830 (1980); *Wallace v. State,* 63 Md.App. 399, 404, 492 A.2d 970, *cert. denied,* 304 Md. 301, 498 A.2d 1186 (1985). Moreover, where, as here, the case is tried by the court sitting without a jury, the appellate court will review both the law and the facts, but will set aside the judgment of the lower court on the evidence only if it determines that the judgment is clearly erroneous. *Wallace,* 63 Md.App. at 404, 492 A.2d 970; Maryland Rule 1086. In this case, our focus is upon the sufficiency of the evidence to permit the trial judge to have concluded that

appellant was "driving" his car while under the influence of alcohol.[2]

The facts in *Thomas* and the instant case are identical to the extent that, in both, the accused was discovered asleep or passed out in the passenger side of a stopped car, whose windows were up and whose motor was off. Furthermore, the evidence of the accuseds' state of sobriety tended to establish that they were under the influence of alcohol. Unlike in *Thomas*, however, in the case *sub judice*, there were additional facts presented tending to show that appellant was "driving" his car. Specifically, in this case, it was established that the car key was in the ignition in the "on" position, with the alternator/battery light lit; that the gear selector was in the "drive" position; and that the engine was warm to the touch. We hold that this additional evidence is sufficient to support a finding by the trier of fact that appellant was "driving". Appellant's argument based upon the officer's failure, and indeed his inability, to testify, firsthand, to having observed an engine in the car or a transmission or to having seen the car move does not undermine the holding. It is axiomatic that the necessary rational inferences to support a finding of guilt beyond a reasonable doubt may be drawn by the trier of fact from circumstantial evidence. *Finke v. State*, 56 Md.App. 450, 468–78, 468 A.2d 353 (1983), *cert. denied*, 299 Md. 425, 474 A.2d 218, *cert. denied*, 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416 (1984).

■ Analyzing the statute under which appellant was tried and convicted, and comparing it to that applied in *Thomas*, makes clear that *Thomas* is simply inapposite. Appellant was convicted pursuant to a statute significantly different from its predecessor, the statute pursuant to which Thomas was convicted. Maryland Transp. Code Ann.

---

**2.** We see no need at this time, to concern ourselves with the distinction between the definition of "driving" under the present statute and its definition at the time *Thomas* was decided, *see* discussion, *infra*, since, in our view, the result is the same under either definition.

§ 21–902(a), unlike former § 11–902 of Art. 66½, *see Thomas*, 277 Md. at 315–19, 353 A.2d 256, defines "drive" to mean "drive, operate, move, or be in actual physical control of the vehicle, including the exercise or control over or the steering of a vehicle being towed by a motor vehicle." *See* Maryland Transp.Code Ann. § 11–114; Maryland Transp. Code Ann. § 11–141 (" 'operate', as used in reference to a vehicle, means to drive, as defined in this subtitle."). Thus, § 21–902(a) defines "driving" more expansively than did former § 11–902 and encompasses activities which the former statute excluded. This means that under the statute *sub judice*, one may be convicted of "driving or attempting to drive any motor vehicle while intoxicated" by proof that the person was in actual physical control of a vehicle while intoxicated, precisely what *Thomas* said the former statute did not include.

In conclusion, whether *Thomas* is apposite or inapposite, appellant's conviction must be, and is hereby, affirmed.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.