Milton Joseph ONEY, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Dec. 7, 1981.

Decided May 6, 1982.

John M. Sandy, Deputy Atty. Gen., Georgetown, for appellee.

Karl Haller, Asst. Public Defender, Georgetown, for appellant.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

HORSEY, Justice:

This appeal concerns the construction of our habitual criminal statute, 11 *Del.C.* § 4214[1] and whether defendant, three

1. 11 *Del.C.* § 4214 provides in full as follows:
"§ 4214.  Habitual criminal; life sentence.
    (a) Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent

conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted.
    (b) Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific

times previously convicted of a felony, was properly declared an habitual criminal under § 4214(a) following his fourth felony conviction.

## I

On January 28, 1981 defendant, Milton J. Oney, Jr., was convicted in a jury trial in Superior Court of three charges of robbery first degree (11 *Del.C.* § 832) and three charges of possession of a deadly weapon during the commission of a felony (11 *Del.C.* § 1447). Defendant ·had a prior criminal record of three felony convictions: assault with intent to rob; theft over $100 (at the time, a felony) and escape after conviction.

On the State's motion that defendant be sentenced as an habitual criminal, Superior Court, following a hearing in March, 1981, declared defendant to be an habitual criminal under 11 *Del.C.* § 4214(a). The following May, defendant was given a "life" sentence on his conviction of robbery *one.* (The State had elected that defendant be

sentenced on only one of his three robbery offenses.) Defendant was also sentenced to two consecutive terms of ten years' incarceration for each of the two weapons offenses, with those terms to follow his service of his "life" term, with the first five years of each of the weapons offense terms not to be subject to probation, parole or suspension, as provided by statute. Following the Court's denial of defendant's motion for a reduction of sentence, defendant docketed this appeal.

## II

Defendant asserts three grounds for reversible error: (1) that the evidence of defendant's three prior felony convictions was "insufficient" as a matter of law under 11 *Del.C.* § 4214(a) to declare him to be an habitual criminal; (2) that defendant's fourth felony conviction of robbery in the first degree was "insufficient" as a matter of law under 11 *Del.C.* § 4214(a) to "trigger" the subsection's application; and (3) that the admission into evidence, on the

felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment. Such sentence shall not be subject to the probation or parole provisions of Chapter 43 of this title.

Such felonies shall be:

| Section | Crime |
| --- | --- |
| 803 | Arson in the first degree |
| 826 | Burglary in the first degree |
| 825 | Burglary in the second degree |
| 636 | Murder in the first degree |
| 635 | Murder in the second degree |
| 632 | Manslaughter |
| 783 | Kidnapping in the second degree |
| 783A | Kidnapping in the first degree |
| 613 | Assault in the first degree |
| 763 | Rape in the second degree |
| 764 | Rape in the first degree |
| 766 | Sodomy in the first degree |
| 832 | Robbery in the first degree |

(c) Any person who has been convicted for an offense which occurred within this State prior to July 1, 1973, of any of the hereinafter enumerated crimes shall be considered as having been convicted previously of the crimes specified in subsection (b) of this section for purposes of the operation of this section and

§ 4215 of this title. Any person convicted under the laws of another state, the United States or any territory of the United States of any felony the same as or equivalent to any of the above or hereinafter named felonies is an habitual offender for the purposes of this section and § 4215 of this title.

Such felonies include:
Arson in the first degree,
Burglary in the first degree,
Burglary in the second degree,
Murder in the first degree,
Murder in the second degree,
Manslaughter except involuntary,
Manslaughter by motor vehicle,
Assault with intent to murder,
Poisoning with intent to murder,
Kidnapping,
Abducting child under 12 years,
Kidnapping child under 15 years,
Maiming by lying in wait,　·
Maiming without lying in wait,
Rape,
Assault with intent to commit rape,
Robbery,
Assault with intent to commit robbery.

(d) A conviction of rape or kidnapping under either § 763 or 783 of this title, as the same existed and were defined prior to the amendment of this section, shall be considered a prior conviction for the purpose of the effectiveness and applicability of this subsection, this section and § 4215 of this title."

State's motion, of presentence reports was reversible error by reason of their privileged nature and protection from disclosure under 11 *Del.C.* § 4322(a). We take up defendant's contentions *seriatim.*

### III

In contending that the evidence of his three prior felony convictions was "insufficient" to declare him an habitual criminal under § 4214(a), defendant relies upon the following underlined language of subsection (a) of § 4214:

"Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the law of this State, and/or any other state . . . and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal. . . ."

Defendant argues that by reason of the underlined language, any prior conviction of a felony "specifically mentioned in subsection (b)" must be ignored in determining his qualification to be declared an habitual criminal as a four-time felon. Since one of defendant's three prior felony convictions was for "assault with intent to rob" (committed in 1972), an offense conceded to be equivalent to the current statutory crime of "assault in the first degree,"[2] defendant says the Trial Court unlawfully declared him to be an habitual criminal under § 4214(a)—for lack of three prior *qualifying* felony convictions.

Contending that the underlined language of subsection (a) of § 4214 is plain and unambiguous, defendant says it is "apparent that [the] felonies named in subsection (b) are not applicable to subsection (a)"; thus, the Legislature must be presumed to have "made [a] distinction between felonies"—based on the "relative seriousness of the offense."

The State disagrees with defendant's construction of subsection (a) of § 4214. The State construes § 4214 as providing, through subsection (a) and subsection (b), two independent "avenues" for repeat felons to be declared habitual criminals, with each subsection having different "threshold" requirements. The State also contrasts subsection (a)'s lack of specification as to the prior and subsequent felonies that apply to a four-time felon with subsection (b)'s specification of the felonies (prior and subsequent) that trigger its application. Further, the State argues that a "strict letter" construction of subsection (a) must not be permitted to "subvert" legislative intent where such construction would lead to "implausible" and, indeed, absurd results.

Reference to legislative history is a logical starting point in search for legislative intent; and we think it is helpful in this case. Delaware's first habitual criminal statute was enacted in 1953. It provided but one avenue for habitual criminal status. The statute applied only to four-time convicted felons and made no distinction as to seriousness of either the prior or the most recent felony conviction. 49 *Del.Laws,* c. 413 (enacted effective July 15, 1953) provided:

"Section 1. Chapter 1, Title 11, Delaware Code of 1953 is amended by adding the following new section:

§ 107. Habitual criminal; fourth offense; life sentence may be imposed

Any person who has been three times convicted of a felony under the laws of this State, and/or any other State, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is hereby declared to be a habitual criminal, and the Court in which such fourth or subsequent conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted."[3]

---

**2.** Subsection (c) of § 4214 expressly provides that anyone convicted before July 1, 1973 of assault with intent to commit robbery (among some 18 other enumerated felonies) shall be "considered as having been convicted previous-

ly of the crimes specified in subsection (b) of this section. . . ."

**3.** In incorporating 49 *Del.Laws,* c. 413 into the 1953 Revised Code of Delaware, the Code editors originally codified the statute under 11

Thus, Delaware's initial habitual criminal statute (originally § 107, later § 109, and eventually § 3911 of Title 11), plainly provided that any person three times convicted of a felony (under Delaware law or any other law, state or federal) shall, upon being thereafter convicted of any subsequent felony of this State, be declared to be an habitual criminal. Hence, habitual criminal status in Delaware originally hinged solely upon the commission of *any* four felonies, without distinction as to the nature of either the three prior or the fourth triggering felony.

The Delaware habitual criminal statute, 11 *Del.C.* § 3911, remained unchanged until 1970 when § 3911 was rewritten by 57 *Del. Laws*, c. 585. Old § 3911 was redesignated subsection (a) of new § 3911, but restated to provide as follows:

"(a) Any person who has been three times convicted of a felony, other than those which are specifically mentioned in subsection (b) hereunder, under the laws of this State, and/or any other State, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the Court in which such fourth or subsequent conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted." (underlining added for emphasis.)

The underlined words represented new language not found in old § 3911. New subsection (b) provided in part:

"(b) Any person who has been two times convicted of a felony hereinafter specifically named, . . . and who shall thereafter be convicted of a subsequent felony, hereinafter specifically named, of this State is declared to be an habitual criminal. . . ."

New subsection (b) represented new law applying habitual criminal status to a person three times convicted of specifically named felonies. Subsections (a) and (b) as enacted in 1970 have remained essentially unchanged to date and in their present form appear as 11 *Del.C.* § 4214(a) and (b), set out in full in footnote 1 above.[4] Thus, the contested language of subsection (a) of § 4214 (underlined above) has been the law of Delaware since 1970 but its meaning, apparently a question of first impression.

No legislative synopsis or commentary accompanied the 1970 enactment of the habitual criminal statute. However, the Commentary on then § 4213 which accompanied the 1972 revision of the Delaware Criminal Code is instructive. That Commentary reads as follows:

"This section [§ 4213] establishes a procedure for imposing a life sentence on a person who has previously been convicted three times of a felony, except in the case of certain specified felonies involving death, danger to human life where only two prior convictions are needed. In the

*Del.C.* § 109. Later, the Revisors determined it would be more appropriate to place the statute within Chapter 39 of Title 11. Hence, in the 1954 Cumulative Supplement of the Code, the statute appears as 11 *Del.C.* § 3911, whereas originally it was cited as 11 *Del.C.* § 109. *See, State v. Owens*, Del.Super., 101 A.2d 319 (1953) first construing the statute and referring to it as 11 *Del.C.* § 109. The Code Revisors also deleted the word "hereby" from the original statute as "surplusage" in restating the statute as 11 *Del.C.* § 3911. [This is by way of explanation of the transposition of the statute from § 107 to § 109 to § 3911 of the 1953 Revised Code.]

4. 11 *Del.C.* § 3911 as enacted in 1970 has been twice amended in respects which are inconse-

quential for our purposes. In 1972, by 58 *Del. Laws*, c. 497, § 3911 became § 4213; and the felonies included under subsection (b) were restated to conform to the new 1972 Criminal Code. In 1974, by 59 *Del.Laws*, c. 547, the subsection (b) felonies of kidnapping and rape were stricken and replaced by kidnapping in the first and second degrees and rape in the first and second degrees to reflect the Legislature's reclassification of both crimes in terms of degrees thereof. The 1974 legislation also added subsections (c) and (d) as currently found in § 4214. (See footnote 1 above.) However, no changes were made in the language of subsection (a) or subsection (b) except as noted above.

latter case, probation and parole are specifically made unavailable."

█ The question then becomes this: whether the Legislature in rewriting the statute in 1970 to add a "3rd offender" felony provision also intended to re-define the retained "4th offender" provision to exclude from its operation the major felonies covered by the new third offender law. We think not.

█ *First,* defendant's construction of subsection (a), as applied to him, is at odds with what we perceive to be the general legislative intent of the habitual criminal statute. We interpret that intent to be to provide two separate and unrelated avenues for habitual criminal status, one applicable to a fourth felony offender and the other to a third offender convicted of felonies specified under subsection (b). Given this framework of § 4214, general legislative intent becomes apparent: the more serious felonies listed in subsection (b) may be subsumed into subsection (a) for purposes of meeting the three prior felony requirements for its application; otherwise, the obvious and consistent legislative goal of harsher punishment for repeat felons would be undermined. A determination of general legislative intent prevails over a literal construction of a statute which works an unreasonable and "mischievous result." *See, Mayor and Council of Wilmington v. Dukes,* Del.Supr., 157 A.2d 789, 793 (1960); *Halifax Chick Express v. Young,* Del.Supr., 137 A.2d 743, 745 (1958); *Magill v. North American Refractories Co.,* Del.Supr., 128 A.2d 233, 236–39 (1956).

*Second,* defendant's construction of subsection (a) is also at odds with the 1972 Commentary on § 4213, the predecessor of § 4214. The Commentary to the 1972 Code indicates that the original three-time felony rule was not changed by the 1970 restatement of the original statute. That the original fourth felony offender language has remained essentially unchanged in all subsequent enactments indicates legislative intent to retain the four-felony concept that was embodied in 11 *Del.C.* § 107. The failure of the 1972 Commentary to attribute any significance to the 1970 restatement of the four-felony rule tends to confirm the conclusion that the adoption by subsection (b) of a new three-felony rule was not intended to affect the continued operation of the original four-felony rule under subsection (a).

*Third,* to construe § 4214(a) as meaning that designated subsection (b) felonies cannot be counted in meeting the three prior felony requirement of subsection (a) would, indeed, lead to implausible, if not absurd, results and subvert a clear legislative intent to punish severely repeat felony offenders. As construed by defendant, subsection (a) would not apply to a three-time felon on conviction of a fourth felony if any of his three prior felony convictions included subsection (b) offenses—e.g., murder, manslaughter, kidnapping or rape. In contrast, a three-time felon with a prior record of all "minor" felonies would qualify for habitual criminal status upon his conviction of a fourth felony. Thus, to adopt defendant's construction of the underlined portion of subsection (a) of § 4214 would fly in the face of the Rule of Reason, namely, that "it is to be presumed that the Legislature did not intend [such] an unreasonable, absurd or unworkable result." *See, Opinion of Justices,* Del.Supr., 295 A.2d 718, 722 (1972); *C. v. C.,* Del.Supr., 320 A.2d 717, 722 (1974).

## IV

How, then, is the disputed 1970 language addition to subsection (a) to be read, if it is not to be disregarded?[5] We conclude there are two more reasonable constructions of the disputed language, either of which is consistent with the perceived legislative intent. The disputed language, "other than those which are specifically mentioned in subsection (b) of this section", may be read as intended to mean, "other than those felonies which collectively qualify a person for

5. The State offers no constructional alternative to defendant's construction other than to imply that the language should be disregarded.

prosecution under subsection (b) of this section." So read, the statutory term "those" does not refer to any one of the designated felonies listed under subsection (b). Rather, the term "those" refers to a defendant's previous felony record which would call subsection (b) into play when that defendant is later convicted of a third subsection (b) felony. An alternative construction of the disputed language which reaches the same result is: that the Legislature intended the word "those" to refer to persons who are otherwise subject to prosecution as habitual criminals under subsection (b). Under this construction of the disputed language, the disputed clause "other than those which are specifically mentioned in subsection (b) of this section" is intended to modify the subject of the sentence, "any person", and not to modify the words, "a felony". As so construed, the phrase, "other than those", represents abbreviated or eliptical language for "other than those persons convicted of felonies" specifically mentioned under subsection (b). Under either of the above constructions of the disputed clause of subsection (a), all of defendant Oney's three prior felony convictions qualified for his declaration as an habitual criminal under subsection (a) upon his conviction of a fourth felony.

## V

Defendant next contends that his fourth felony conviction of robbery *one* was "insufficient" as a matter of law to "trigger" subsection (a) so as to declare him an habitual criminal. Defendant's argument is but an extension of his previous one as to the three prior felonies that qualify for recognition under subsection (a). Contending that the fourth triggering felony, as well as the three prior felonies, must not be a "major" felony listed under subsection (b), defendant argues that § 4214 must be construed as evidencing legislative intent to "prevent the mixing of felony convictions in application of the habitual criminal statute."

Defendant's argument fails on several grounds. *First*, the language of subsection (a) requires only that the fourth felony be "a subsequent felony" and cannot reasonably be construed as limiting subsection (a)'s application only to felonies not explicitly mentioned under subsection (b). Clearly, the triggering felony under subsection (a) is *any* fourth felony. *Second*, in the legislative history of § 4214 set forth above we find no support for defendant's assertion that the Legislature intended "to prevent the mixing of felony convictions" in applying the respective three-felony and four-felony rules. Hence, conviction of any fourth felony is sufficient to bring subsection (a) into play.

## VI

Lastly, there is no merit to defendant's contention that the Trial Judge committed reversible error in admitting into evidence, on the State's motion, presentence reports, contending that they were privileged documents under 11 *Del.C.* § 4322(a), available only to the Court for its use and disclosure.[6] The State responds that the reports were necessary to prove that defendant was the same person who was convicted of the other felony offenses upon which the State relied. The other available records as to defendant's convictions contained different versions of defendant's name; and defendant relied on this discrepancy as to name (and birth dates) in an effort to show that he

6. 11 *Del.C.* § 4322(a), in pertinent part provides:

"(a) The presentence report (other than a presentence report prepared for the Superior Court or the Court of Common Pleas) . . . shall be privileged and shall not be disclosed directly or indirectly to anyone other than the courts . . . the Board of Pardons, the Attorney General and the Deputies Attorney General or others entitled by this chapter to receive such information; except that the court may, in its discretion, permit the inspection of the report or parts thereof by the offender or his attorney or other persons who in the judgment of the court have a proper interest therein, whenever the best interest of the State or welfare of a particular defendant or person makes such action desirable or helpful. . . . The presentence reports prepared for the Superior Court and the Court of Common Pleas shall be under the control of those Courts respectively."

was not the person who had been previously convicted of the prior felonies relied upon by the State.

Section 4322(a) plainly vests the Superior Court with exclusive authority over usage of presentence reports prepared for that Court. Presentence reports are properly admissible in habitual criminal proceedings to show a defendant's prior criminal record. *See, Saunders v. State*, Del.Supr., 401 A.2d 629, 635 (1979). Moreover, under Super.Ct.Crim.R. 32(c)(1), presentence reports may be submitted to the Court and their contents disclosed where the defendant has pleaded guilty or, as here, has been found guilty. Clearly, the Trial Judge did not abuse his discretion in admitting the presentence report for the limited purpose of determining whether defendant was a three-time convicted felon.

Affirmed.