STATE of Delaware

v.

John R. COBB, Defendant.

Superior Court of Delaware,
New Castle County.

Submitted: Nov. 26, 1990.
Decided: Nov. 27, 1990.
Revised: Dec. 7, 1990.

Steven P. Wood, Deputy Atty. Gen., Dept. of Justice, for State of Del.

Edmund M. Hillis, Asst. Public Defender, Office of Public Defender, for defendant.

OPINION

TAYLOR, Judge.

This motion was made in advance of the sentencing of defendant on the present charge of Burglary Third Degree, a Class D Felony,[1] for which defendant was tried and convicted. The motion seeks to have defendant declared a Habitual Offender under 11 Del.C. § 4214(a). The motion alleges that defendant was previously convicted of the following felonies:

Criminal Action: IN86-06-0349
Offense Date: 5/25/86
Charge: Escape After Conviction (Felony)
Conviction Date: 9/2/86
Sentence Date: 9/2/86
Judge: Honorable Richard S. Gebelein
Criminal Action: IN84-03-0284
Offense Date: 2/23/84
Charge: Burglary Second Degree (Felony)
Conviction Date: 5/7/84
Sentence Date: 11/2/84
Judge: Honorable Clarence W. Taylor
Criminal Action: IN78-08-1071
Offense Date: 7/27/78
Charge: Conspiracy Second Degree (to commit Robbery First Degree) (Felony)
Conviction Date: 12/21/78
Sentence Date: 12/21/78
Judge: Honorable Andrew D. Christie

At the hearing, the Deputy Attorney General requested the Court to take judicial notice of the Presentence Report relating to the crimes for which defendant is awaiting sentence. Defendant's attorney contended that defendant had not been properly identified with the prior convictions (or guilty pleas) upon which the State relied.

After the hearing the Deputy Attorney General submitted the following citations in support of his contention that information in the Presentence Reports may be admitted to provide the facts needed to establish Habitual Criminal status: *Saunders v. State*, Del.Supr., 401 A.2d 629 (1979); *Oney v. State*, Del.Supr., 446 A.2d 389 (1982); *Alls v. State*, Del.Supr., 540 A.2d 113 (1988) (ORDER); and *State v. Cecil Mills*, Crim.Action No. IN88-01-1089,

---

1. The defendant is also being sentenced on a charge of Misdemeanor Theft and a charge of Perjury Third Degree. Neither one of these misdemeanor charges are being considered in connection with this motion.

Bifferato, J. (December 7, 1988) (LETTER OPINION). While those cases do support the proposition that in general the Presentence Reports are admissible as business records, the cases do not discuss their use for identifying a particular defendant with earlier convictions.

The Presentence Report on John Robert Cobb dealing primarily with the present crimes has been supplied by the Presentence Office. It contains appendices giving certain information identifying the John Robert Cobb defendant in each of the crimes which the motion cites. The information for each of the crimes, *including the present crimes*, identified the John Robert Cobb as black male, with date of birth of 9/23/56, and Social Security number 221–44–9935.

Based on that information, I find that the State has sufficiently proved that this John Robert Cobb committed each of the crimes listed in the motion. Defendant did not offer any evidence to refute the State's showing. The Court finds that defendant is a habitual offender under 11 *Del. C.* § 4214(a). The penalty to be imposed will be argued at sentencing.