Samuel L. HARRIS, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 512,2003.

Supreme Court of Delaware.

Submitted: Nov. 6, 2003.
Decided: Jan. 5, 2004.
Reargument Denied Jan. 22, 2004.

Samuel L. Harris, pro se.

John Williams, Department of Justice, Dover, DE, for Appellee State of Delaware.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellant, Samuel L. Harris, filed an appeal from the Superior Court's September 25, 2003 order denying his motion for correction of sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Harris' opening brief that the appeal is without merit.[1]

Harris was found guilty by a Superior Court jury of Attempted Robbery in the First Degree, Aggravated Menacing, Forgery in the Second Degree and Criminal Impersonation. After being declared an habitual offender,[2] Harris was sentenced to minimum mandatory terms of twenty years Level V incarceration on the attempted robbery conviction and five years Level V incarceration on the aggravating menacing conviction.[3] This Court affirmed Harris' convictions and sentences on direct appeal.[4]

### Issues on Appeal

In this appeal, Harris claims that it was an abuse of discretion for the Superior Court to deny his motion for correction of sentence. In essence, he claims that his 20–year Level V sentence for Attempted Robbery in the First Degree is illegal because "attempted robbery" is a non-existent offense and, at the very least, an attempted robbery conviction does not warrant as severe a sentence as a robbery conviction.[5] To the extent Harris has not argued other grounds to support his appeal that were previously raised, those grounds are deemed waived and will not be addressed by this Court.[6]

### Attempted Robbery Conviction and Sentence

Under Del.Code Ann. tit. 11, § 531, an "[a]ttempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting." Moreover, under Del.Code Ann. tit. 11, § 832(c), a twenty-

---

1. Supr. Ct. R. 25(a).

2. Del.Code Ann. tit. 11, § 4214(a) (2001).

3. Harris also was sentenced to one-year incarceration at Level V, to be suspended for 1 year probation, on both the forgery and impersonation convictions.

4. *Harris v. State*, No. 234, 1999, 2000 WL 313488 (Del. Feb. 18, 2000).

5. A Robbery in the First Degree conviction carries a maximum term of twenty years at Level V. Del.Code Ann. tit. 11, § 4205(b)(2) (2001).

6. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). In the Superior Court, Harris also argued that he is actually innocent, the Superior Court did not have jurisdiction to sentence him, and his sentence for aggravated menacing is illegal.

year Level V sentence "appl[ies] to attempted robbery in the first degree as well as robbery in the first degree." Because Robbery in the First Degree carries a statutory maximum of twenty years incarceration at Level V,[7] the Superior Court was required, at a minimum, to impose the twenty-year Level V maximum sentence for attempted robbery, once Harris had been declared an habitual offender.[8] Accordingly, Harris' sentence was not illegal and the Superior Court did not abuse its discretion by denying his motion for correction of sentence. To the extent Harris seeks to substitute a motion for correction of sentence pursuant to Rule 35(a) for a timely postconviction motion pursuant to Rule 61, he is precluded from doing so.[9]

### Appeal Without Merit

It is manifest on the face of Harris' opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

### Conclusion

The judgment of the Superior Court is affirmed.

---

7. Del.Code Ann. tit. 11, §§ 832(a) and 4205(b)(2) (2001).

8. Del.Code Ann. tit. 11, §§ 4214(a) and 4201(c) (2001).

9. *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).