IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSE A. COLON, | § | |
| | § | No. 589, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | Cr. ID 0501004460 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  December 21, 2015
Decided:     February 8, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 8th day of February 2016, upon consideration of the opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jose Colon, filed this appeal from the Superior Court's order denying his motion for correction of sentence.  The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Colon's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that, following a bench trial in September 2005, the Superior Court found Colon guilty of Robbery in the First Degree and sentenced him as a habitual offender to twenty-five years at Level V

incarceration. This Court affirmed Colon's conviction and sentence on direct appeal.[1]

(3) In September 2015, Colon filed a motion for correction of illegal sentence, arguing that his prior conviction for Attempted Burglary was not a qualifying predicate offense and could not be used in determining his status as a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court denied Colon's motion. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[2] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is an unauthorized sentence.[3]

(5) In his opening brief on appeal, Colon points out that Section 4214(b) specifically states that any person who twice has been previously convicted of "a felony or an attempt to commit a felony"[4] listed in that subsection shall be sentenced to life as a habitual offender upon a third

---

[1] *Colon v. State*, 2006 WL 2714454, *1 (Del. Sept. 22, 2006).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] 11 *Del. C.* § 4214(b) (2015).

conviction. Section 4214(a), on the other hand, provides that "[a]ny person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b)"[5] may be declared a habitual offender upon conviction of a fourth felony. Colon argues that, because Section 4214(a) does not specifically include an attempt to commit a felony as a qualifying predicate offense, he legally did not qualify as a habitual offender because one of his predicate offenses was Attempted Burglary.

(6) After careful consideration, we find no merit to Colon's argument. Under 11 *Del. C.* § 531, an attempt to commit a crime is a criminal offense of the same degree as the crime that the defendant was found guilty of attempting.[6] Thus, an attempted felony *is* a felony under Section 531. Under Section 4214(a), "*any* felony conviction can qualify as a predicate felony…."[7] Consequently, Colon's prior conviction for Attempted Burglary, a felony, was a predicate felony under Section 4214(a), and his sentence is not illegal.[8]

(7) Colon's argument that the specific reference to "an attempt to commit a felony" in Section 4214(b) affects the interpretation and application of Section 4214(a) has no merit. This Court previously has held

[5] 11 *Del. C.* § 4214(a) (2015).
[6] 11 *Del. C.* § 531 (2015) ("Attempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting.").
[7] *Cropper v. State*, 2006 Wl 2827640, *1 (Del. Oct. 2, 2006) (emphasis added).
[8] *Harris v. State*, 840 A.2d 1242, 1244 (Del. 2004).

that the later adoption of Section 4214(b) "was not intended to affect the continued operation of the original four-felony rule under subsection (a)."[9] Moreover, the absence of the phrase "an attempt to commit a felony" in Section 4214(a), and its presence in Section 4214(b), is easily reconciled. An attempted felony is by definition included in the broad term "felony" as used in subsection (a). Subsection (b), however, identifies a specific list of crimes that qualify as predicate convictions for habitual offender status. Ssubsection (b) references "attempts" of the listed offenses to make clear that, in addition to the listed offense itself, attempts of the specifically listed offenses also qualify as predicate convictions for habitual offender status under Section 4214(b).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[9] *See Oney v. State*, 446 A.2d 389, 393 (Del. 1982).

4