**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1201016444; 0810013142 |
| | ) | |
| RASHAWN FULLER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 9, 2024
Decided: December 10, 2024

## ORDER DENYING RULE 35(a) MOTION

Upon consideration of Rashawn Fuller's ("Defendant's") Motion for Correction of an Illegal Sentence ("Rule 35(a) Motion"), the facts, arguments and legal authorities set forth therein, Superior Court Criminal Rule 35(a), statutory and decisional law, and the entire record in this case, it appears that:

1.     On January 3, 2012, Defendant was indicted in Case No. 1110014613[1] for Possession with Intent to Deliver ("PWID") Cocaine, PWID Marijuana, Resisting Arrest, and other offenses that occurred on October 21, 2011.

2.     Several weeks later and while the penultimate indictment was pending, on January 22, 2012, Defendant burglarized, robbed, and threatened a woman with a handgun after forcing entry into a residence.[2]  Consequently, on February 27,

---

[1] Case No. 1110014613, D.I. 2.

[2] Case No. 1201016444, D.I. 5.

2012, in Case No. 1201016444,[3] Defendant was indicted for Burglary First Degree, Robbery First Degree, Kidnapping First Degree, Resisting Arrest, and multiple firearms offenses.[4]

3.      On May 15, 2012, with the assistance of counsel, Defendant pled guilty to PWID Cocaine in Case No. 1110014613, in exchange for which the balance of charges under the indictment were dismissed.[5] The Plea Agreement, signed by Defendant, states: (a) "The State will seek to have the Defendant sentenced as a habitual offender pursuant to 11 *Del. C.* §4214(a). The State is not making a cap on its recommendation. (Defendant has pending Superior Court case #120101644 that is scheduled for trial on August 14, 2012.")[6] Defendant also signed the Truth-in-Sentencing Guilty Plea Form acknowledging the total consecutive maximum penalty for the offenses to which he pled guilty was incarceration for "LIFE."[7] A Presentence Investigation was ordered.

4.      On October 17, 2012, with the assistance of counsel, Defendant entered

---

[3] *Id.*

[4] *Id.*

[5] Case No. 1110014613, D.I. 14 (Guilty Plea Form).

[6] *Id.*

[7] *Id.*

a guilty plea[8] to Burglary First Degree, Possession of a Firearm During the Commission of a Felony (2 counts), Robbery Second Degree (as an lesser included offense of the indicted charge), and Conspiracy Second Degree in Case No. 1201016444, in exchange for which the balance of charges under the indictment were dismissed.[9] The Plea Agreement, signed by Defendant, states: (a) Defendant is a habitual offender eligible under 11 *Del. C.* §4214(a); (b) "The State will seek to have Defendant declared an habitual offender pursuant to . . . §4214(a) on the charge of Robbery Second Degree[;]" (c) Defendant agrees that he is eligible to be sentenced as a habitual offender based on the following convictions: "Maintaining a Dwelling 3/08, PDWBPP 9/05, Trafficking Cocaine 5/01."[10] The State agreed to cap its Level V recommendation at 20 years for this case and Case No. 1110014613, which was pending sentencing at the time the plea was entered.[11] Defendant signed the Truth-in-Sentencing Guilty Plea Form acknowledging the total consecutive maximum penalty for the offenses to which he pled guilty was "LIFE."[12] A Presentence Investigation was ordered.

---

[8] Case No. 1201016444, D.I. 24 (Plea Agreement).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Case No. 1201016444, D.I. 24 (Truth-in Sentencing Guilty Plea Form).

5.      On November 16, 2012, the State filed a Petition to Declare Defendant a Habitual Offender under §4214(a) as to PWID Cocaine in Case 1110014613 and Robbery Second Degree in Case No.120101644[13] based on Defendant's prior convictions for Trafficking Cocaine (October 18, 1999); Possession of a Deadly Weapon by a Person Prohibited (September 2, 2005); and Using a Dwelling for Keeping Controlled Substances (March 28, 2008).[14]

6.      On November 20, 2012, the Court finally convicted[15] and sentenced Defendant. In pertinent part, Defendant was declared a habitual offender as to:

> a.      Robbery Second Degree (Case No. 120101644; IN12-02-1835) and sentenced to "5 years at Level 5."[16] The sentence specifies that "a sentence less than life under [§4214](a) is eligible for good time."[17]
>
> b.      PWID Cocaine (Case No. 1110014613; IN11-11-0815) and sentenced to 3 years at supervision Level 5. The sentence specifies that "a sentence less than life under [§4214](a) is eligible for good time."[18]

---

[13] *Id.* at D.I. 20.

[14] *Id.*

[15] A criminal conviction becomes final at the time of sentencing. *State v. Waters*, 2019 WL 2486753, at *2 (Del. Super. Ct. June 13, 2019), *aff'd*, 242 A.3d 778 (Del. 2020); *Jackson v. State*, 654 A.2d 829, 831-832 (Del. 1995) (explaining that the sentencing order is the "order appealed from" in our statutory scheme). *See also* 10 *Del. C.* § 147; 10 *Del. C.* § 9904.

[16] Sentencing Order dated November 20, 2012: Case No. 11100141613, D.I. 22; Case No. 120101644, D.I. 29.

[17] *Id.*

[18] *Id.*

The remainder of the sentence imposed included minimum mandatory Level V time for other offenses, but these were not imposed under §4214(a).

7.    On January 28, 2013, Defendant filed a direct appeal of his convictions that was dismissed as untimely by the Delaware Supreme Court.[19]

8.    On February 19, 2013, Defendant filed a pro se Motion for Reduction of Sentence ("Rule 35(b) Motion").[20]   This Court denied the Rule 35(b) Motion as without merit by Order dated April 2, 2013.[21]

9.    On September 5, 2013, Defendant filed a pro se Motion for Postconviction Relief wherein he alleged ineffective assistance of his Pre-indictment counsel, followed by a corrected Motion for Postconviction Relief on October 7, 2013 (collectively, "PCR Motion").   By Amended Order dated January 2, 2028, this Court denied Defendant's PCR Motion as without merit.[22]

10.    On March 30, 2021, Defendant filed a second pro se Rule 35(b) Motion.[23]   This Court denied the Rule 35(b) Motion as without merit by Order dated

---

[19] *Fuller v. State*, 2013 WL 324105 (Del. Jan. 28, 2013).

[20] Case No. 12010644, D.I. 30.

[21] *Id.,* D.I. 32.

[22] Case No. 111001414613, D.I. 34, and Case No. 12010644, D.I. 57.

[23] Case No. 12010644, D.I. 58.

May 27, 2021.[24]

11.     On September 9, 2024, Defendant filed the instant pro se Rule 35(a) Motion contending his sentence is illegal.

ANALYSIS

12.     Rule 35(a) permits this Court to "correct an illegal sentence at any time."[25]   Illegal sentences include those that exceed statutory limits, violate double jeopardy, are ambiguous with respect to the time and manner in which it is to be served, are internally contradictory, omit a term required to be imposed by statute, are uncertain as to the substance of the sentence, or are an unauthorized sentence.[26] Rule 35(a) also permits this Court to correct "a sentence *imposed in an illegal manner*" within 90 days after its imposition,[27]   but will only consider an application made after more than 90 days in "extraordinary circumstances."[28]

13.     Defendant asserts he was illegally sentenced under Delaware's Habitual Offender Statute, 11 *Del C.* §4214(a), for three reasons: (i) because he was

---

[24] *Id.,* D.I. 59.

[25] Super. Ct. Crim. R. 35(a).

[26] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1988) (citations omitted).

[27] Super. Ct. Crim. R. 35(a) (emphasis added).

[28] *Id.*

not eligible to be sentenced as a habitual offender;[29] (ii) because he was sentenced as a habitual offender for both PWID of Cocaine (Case No. 1110014613) and Robbery Second Degree (Case No. 1201016444) without the opportunity to rehabilitate between those offenses;[30] and (iii) because the State failed to file a motion to declare him a habitual offender in Case No. 1201016444.[31] None of Defendant's contentions merit relief under Rule 35(a).

14. Notwithstanding Defendant's representations in the Plea Agreement to the contrary,[32] Defendant now contends that he was not eligible to be sentenced as a habitual offender because §4214(a) is "internally contradictory" and "ambiguous."[33] Defendant posits that because §4214(a) states, "[a]ny person who has been 3 times convicted of a felony, *other than those which are specifically mentioned in subsection (b)*"—and some of Defendant's convictions were for qualifying offenses under §4214(b)[34]—he was not eligible to be sentenced as a habitual offender under §4214(a).

---

[29] D.I. 20, ¶¶ 6–10.

[30] D.I. 20, ¶ 11–12.

[31] D.I. 20, ¶ 13.

[32] *See supra* note 15.

[33] Case No. 12010644, D.I. 61

[34] *Colon v. State,* 132 A.3d 1161 (Del. 2016) (TABLE).

7

15. A comparable argument was rejected by the Delaware Supreme Court in *Colon v. State*.[35] The defendant there sought correction of an illegal sentence on the basis he had been convicted of an "attempt to commit a felony" which was not listed as a predicate felony under §4214(a) or (b). The Court opined: "Under Section 4214(a), "*any* felony conviction can qualify as a predicate felony . . . ."[36] And, "[t]his Court previously has held that the later adoption of Section 4214(b) 'was not intended to affect the continued operation of the original four-felony rule under subsection (a).'"[37]

16. It follows that when a Defendant is convicted of three separate, qualifying predicate felonies of any kind, he may be sentenced as a habitual offender under §4214(a) for the fourth felony. It makes no difference in the interpretation or operation of §4214(a) that some of the predicate convictions also qualified as §4214(b) violent felony predicate convictions. Accordingly, Defendant's reading of §4214(a) is contextually incorrect and warrants no relief.

17. Defendant next contends he was illegally sentenced as a habitual offender for both PWID of Cocaine (Cas No. 1110014613) and Robbery Second

---

[35] *Id.*

[36] *Id.* at *1 (quoting *Cropper v. State,* 2006 WL 2827640, *1 (Del. Oct. 2, 2006)) (emphasis in original).

[37] *Id.* at *2 (citing *Oney v. State,* 446 A.2d 389, 393 (Del.1982)).

8

Degree (Case No. 1201016444) because he had no opportunity to rehabilitate between those offenses. Defendant's argument misses the mark. Whereas it is desirable for rehabilitative purposes to have a break between qualifying *predicate* convictions, neither conviction Defendant references was a predicate for the other. Rather, both convictions were imposed simultaneously at sentencing—with PWID Cocaine and Robbery Second Degree each independently qualifying as fourth offenses under §4214(a).

18.     Finally, Defendant contends his sentence is illegal because the State failed to file a habitual offender petition in case number 1201016444. The docket demonstrates Defendant is wrong.[38]

19.     For the reasons stated above, the Court finds the arguments articulated in Defendant's Rule 35(a) Motion do not merit correction of his sentence or its imposition. Defendant was legally convicted and sentenced as a habitual offender under §4214(a). Accordingly, Defendant's prayer for relief under Rule 35(a) is **DENIED**.

---

[38] *See* Case No. 1110014613, D.I. 20, Case No. 1201016444, D.I. 27.

**IT IS SO ORDERED** this 10th day of December 2024.

_____

The Honorable Kathleen M. Vavala

Original to Prothonotary.

cc.    Rashawn Fuller, pro se (SBI# 00318834)
       Matthew Frawley, Deputy Attorney General
       Investigative Services Office